UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LARRY ERNEST PRITT,
Petitioner-Appellant,

v.

No. 95-8532

ALTON BASKERVILLE, Warden;
ATTORNEY GENERAL OF VIRGINIA,
Respondents-Appellees.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Jackson L. Kiser, Chief District Judge.
(CA-95-327-R)

Submitted: August 13, 1996

Decided: September 3, 1996

Before MURNAGHAN, WILKINS, and MOTZ, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Larry Ernest Pritt, Appellant Pro Se. Robert H. Anderson, III,
OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Rich-
mond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Larry Ernest Pritt appeals from the district court order dismissing his petition under 28 U.S.C. § 2254 (1988), amended by Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996). We dismiss.

Pritt was convicted of first degree murder and malicious wounding. Pritt filed his first habeas petition in the Circuit Court of Augusta County, Virginia. The petition was denied, and he appealed. Pritt filed his second habeas petition in the Virginia Supreme Court. His second petition was dismissed under Va. Code Ann. § 8.01-654(B)(2) (Michie 1992), which provides that no writ of habeas corpus shall issue upon the basis of allegations that could have been raised in a previous petition. Pritt then filed a habeas petition with the district court, making the following challenges to his criminal conviction:

> (1) Pritt suffered due process violations due to a delay in his appearance before the magistrate;
>
> (2) the arrest warrant failed to recite the element of pre-meditation;
>
> (3) the trial court permitted him to be tried while on strong prescription medication;
>
> (4) Pritt was recommitted to Central State Hospital in contravention of state law;
>
> (5) the trial court did not determine whether the evidence supported his guilty plea or whether the guilty plea was knowing and voluntary;
>
> (6) the evidence was insufficient to convict him of first degree murder;

2

(7) the evidence was insufficient to convict him of malicious wounding;

(8) Pritt's trial counsel was ineffective in the following respects:

(a) Counsel failed to meet with Pritt sufficiently before trial to discuss trial strategies;

(b) Counsel coerced Pritt into pleading guilty;

(c) Counsel did not object to the Commonwealth's failure to disclose exculpatory evidence;

(d) Counsel did not inform Pritt of all the elements of the offenses for which he was charged;

(e) Counsel did not move to strike Pritt's confession; and

(9) Pritt's confession was inadmissible.

The district court properly dismissed claims (5), (8c), (8d), and (8e) on the ground that they are barred. We also find that claims (1), (2), (4), and (9) are similarly barred. Pritt has not shown cause and prejudice, or actual innocence to excuse this default. Therefore, these claims are barred and cannot be reviewed by this Court. Coleman v. Thompson, 501 U.S. 722, 732, 750 (1991).

Claims (3), (6), (7), (8a), and (8b) are exhausted and may be reviewed on the merits. The district court properly dismissed claims (3), (6), and (7) because Pritt waived all non-jurisdictional challenges to his conviction when he pleaded guilty to the offenses with which he was charged. A valid guilty plea constitutes an admission of all material elements of a crime and forecloses collateral attack on all non-jurisdictional errors. Tollett v. Henderson , 411 U.S. 258, 266 (1973).

3

The district court also properly dismissed claims (8a) and (8b). These claims challenged the validity of Pritt's guilty plea. Pritt, however, fails to show that he would not have pled guilty but for counsel's incompetence. Hill v. Lockhart, 474 U.S. 52, 56-59 (1985).

For these reasons we deny a certificate of probable cause to appeal; to the extent that a certificate of appealability is required, we deny such a certificate. We deny Pritt's motion for appointment of counsel and dismiss his appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

4